## Case No. 5,695.
### GRANT v. HAMILTON.
[3 McLean, 100.] [1]

Circuit Court, D. Michigan. Oct. Term, 1842.

WAGER.

1. At common law, a wager, fairly made, was recoverable.

2. If the money was paid, it could not be recovered back again.

3. But, under the *statute of Michigan,* money lost at play, or on a horse-race, &c. may be recovered.
[Cited in Tinker v. Van Dyke, Case No. 14,058.]

4. Under this statute, an action may be maintained in the circuit court.

At law.

Howard & Romeyn, for plaintiff.
Mr. Joy, for defendant.

OPINION OF THE COURT. This action is brought to recover back a wager lost and paid on a horse-race. In the Revised Statutes of Michigan (page 210), an action is authorised to recover money lost at play, horse-racing, &c. At the common law, where there was no concealment or fraud, a wager was recoverable. 3 Term R. 693; 5 Burrows, 2802; Cow. 37, 735, 29. In Bunn v. Riker, 4 Johns. 434, the court said: "The law appears to be settled that some wagers form the proper ground of an action. It is worthy of remark, however, that as often as this question has been raised, there is scarcely a judge in England, from the time of the case of Da Costa v. Jones, Cowp. 729, down to the present day, who has not expressed his regret that such was the law." In

[1] [Reported by Hon. John McLean, Circuit Justice.]

Campbell v. Richardson, 10 Johns. 406, where A set up a mark to shoot at, and it was agreed between them "that B should pay A 25 cents for every shot he fired, but if B hit the mark then A should pay him 20 dollars—it was held to be a legal contract, and that B, having hit the mark, might maintain an action against A, to recover the 20 dollars." We think the principle was wrong, which authorised a recovery in such cases; but the law seems to be established. At common law, if the money won was paid, it could not be recovered. But the statute of Michigan alters the common law in this respect. It authorises a recovery of money paid on a wager. And, it would seem, that no one can doubt the policy of this law. It is urged that this is a case where both parties committed a violation of the law and sound policy, in making the wager, and that in such cases it is the policy of the law to aid neither party, but leave them without remedy against each other. This argument would not be without force, if the statute did not expressly authorise the recovery. The argument that this is a penal statute, and cannot be enforced by this court, is also unsustainable. So far as regards this action, to recover back the money paid, it is not for the enforcement of a penalty. The rights of the parties and their remedies, when regulated by the local law, may be prosecuted in the courts of the United States, the same as in the state courts. We cannot give effect to the criminal laws of the state; but this act, and especially this suit, is not of that character. If the jury shall find that the money was lost and paid by the plaintiff, as alleged in the declaration, they will find the amount paid to the defendant.

Verdict for the plaintiff.